IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC. § | | |
| § | | |
| § | | |
| *Plaintiff*, § | CASE NO. 2:23-cv-00060-JRG | |
| v. § | (Lead Case) | |
| § | | |
| ALTICE USA, INC., et al. § | | |
| § | | |
| *Defendants*. § | | |

| | | |
|---|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC. § | | |
| § | | |
| § | | |
| *Plaintiff*, § | CASE NO. 2:23-cv-00059-JRG | |
| § | (Member Case) | |
| v. § | | |
| § | | |
| CHARTER COMMUNICATIONS, INC., et § | | |
| al. § | | |
| § | | |
| *Defendants*. § | | |

| | | |
|---|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC. § | | |
| § | | |
| § | | |
| *Plaintiff*, § | CASE NO. 2:23-cv-00062-JRG | |
| § | (Member Case) | |
| v. § | | |
| § | | |
| COMMCAST CABLE § | | |
| COMMUNICATIONS, LLC d/b/a XFINITY, § | | |
| et al. § | | |
| § | | |
| *Defendants*. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Comcast's Motion to Dismiss Plaintiff's Claims of Willful Infringement ("the Motion") filed by Defendants Comcast Cable Communications, LLC; Comcast Cable Communications Management, LLC; and Comcast of Houston, LLC ("Comcast"). (Dkt.

1

No. 65.) Having considered the Motion, the briefing, and the accompanying exhibits, and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART**.

I.   BACKGROUND

On February 17, 2023, Plaintiff Touchstream Technologies, Inc. ("Plaintiff") filed a patent infringement complaint against Defendants Comcast Cable Communications, LLC d/b/a Xfinity; Comcast Corporation;[1] Comcast Cable Communications Management, LLC; and Comcast of Houston, LLC. (Dkt. No. 1.)[2] The complaint alleged infringement of a single patent: U.S. Patent No. 8,356,251 ("the '251 patent"). (*Id*. ¶¶ 40-44.) The case was subsequently consolidated with two other cases filed by Plaintiff for all pretrial issues except venue. (Dkt. No. 19.) Plaintiff then filed a First Amended Complaint for Patent Infringement ("FAC") on May 25, 2023. (Dkt. No. 55.) Most notably, the FAC included two new counts for infringement of U.S. Patent Nos. 11,048,751 and 11,086,934 ("the '751 patent" and "the '934 patent," respectively; the '251,'751, '934 patents are referred to collectively as "the Asserted Patents"). (*See id*. ¶¶ 63-72.) The claims of the Asserted Patents allegedly "require various components to send or receive signals (or messages) to control the playback of videos from various media players over a network, with precise requirements varying by claim." (*Id*. ¶ 18.) According to Plaintiff, Comcast allegedly infringes the Asserted Patents by implementing in the accused devices "functionality and structure that facilitates the controlling of content, such as audio and/or video content, on a content presentation device that loads any one of a plurality of different media players (Pandora or Netflix, e.g.)." (*Id*. ¶ 35.)

---

[1] Comcast Corporation was dismissed from this lawsuit on June 9, 2023. (Dkt. No. 66.)
[2] This citation is to the Comcast member case (2:23-cv-00062-JRG) prior to consolidation. All other docket citations refer to the post-consolidation lead case (2:23-cv-00060-JRG), unless otherwise noted.

2

On June 9, 2023, Comcast filed the Motion. (Dkt. No. 65.) In the Motion, Comcast requests that the Court dismiss Plaintiff's "willfulness claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6)." (*Id*. at 1.) First, Comcast argues that the FAC "fails to allege that Touchstream provided pre-suit notice of any of the Asserted Patents to Comcast." (*Id*. at 3.) Specifically, Comcast argues that the FAC fails to include any specific allegations that Plaintiff notified Comcast of its alleged infringement of the Asserted Patents—or the patent application numbers that were later granted as the Asserted Patents—prior to filing this suit. (*Id*. at 5-7.) Further, Comcast argues that Plaintiff's alleged public statements that its technology was "patent-pending" "provide no basis to infer that Comcast actually knew of any of the Asserted Patents at any time before this lawsuit." (*Id*. at 8-9.) Second, Comcast argues that the FAC fails to adequately plead "culpable conduct" because it is "devoid of any allegations to support an assertion that any infringement of the Asserted Patents constituted egregious behavior." (*Id*. at 9-10.) Finally, Comcast argues that the FAC fails to support post-suit willfulness because it (1) fails to allege pre-suit conduct to support post-suit willfulness, and (2) does not allege Comcast took steps to infringe the Asserted Patents after Plaintiff filed the original complaint. (*Id*. at 10-12.)

Plaintiff opposed the Motion on June 23, 2023. (Dkt. No. 83.) Plaintiff argues that its allegations, such as those concerning "its pattern and practice when meeting with potential business partners to call attention to its patents and that Touchstream had ongoing contact with Comcast-related individuals both before and after the '251 patent issued in January 2013," are sufficient to plead pre- and post-suit willful infringement. (*Id*. at 4-6.) Plaintiff further argues that it has alleged culpable conduct, to the extent doing so is required. (*Id*. at 7-8.) Finally, Plaintiff argues that it has stated a claim for post-suit willfulness because the "operative complaint puts [Comcast] on notice of the patents and alleges ongoing willful infringement." (*Id*. at 8-10.)

3

Comcast filed a reply in support of the Motion on June 30, 2023, reiterating its prior arguments that Plaintiff "does not actually allege that it provided notice of any Asserted Patent" during meetings with Comcast, "a fact that [Plaintiff] would doubtlessly allege were it true." (Dkt. No. 89.) Plaintiff did not file a sur-reply.

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id*. Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

## III.   DISCUSSION

### A. Plaintiff Fails to State a Claim for Pre-Suit Willful Infringement

In the FAC, Plaintiff alleges that it and Comcast "began discussing a potential partnership concerning the technology invented by" Plaintiff in August 2011. (Dkt. No. 55 ¶ 28.) Plaintiff further alleges that it identified its technology as "patent-pending" and "provided a patent application number to Comcast at [a] meeting that led to the '251, '751, and '934 patents" during those August 2011 discussions. (*Id*.) However, as Comcast explains, the patent applications that granted as the Asserted Patents "were filed *after* August 2011, and two of them were filed many years later." (Dkt. No. 65 at 6 (emphasis original).) Plaintiff's allegations that it notified Comcast of an earlier filed, pending application—even if that application is part of the same patent family as the Asserted Patents—cannot support knowledge of the Asserted Patents.[3] *See Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1117 (N.D. Cal. 2016) ("The Court finds . . . that plaintiff failed to allege the existence of pre-suit knowledge in its complaint because plaintiff based this knowledge solely on communications it had with defendant regarding the patent application of the '356 patent and Patent No. 5,956,491, on which plaintiff is not suing."). Plaintiff

---

[3] The Court also finds that the connection is more tenuous with respect to the '751 and '934 patents, which issued from continuation-in-part applications that may have claimed new matter not present in the patent application that Plaintiff allegedly provided in the August 2011 meeting.

further argues that the earlier filed application "may lead to knowledge of the later-issued patent when, at the time the defendant learns of the application, the Patent and Trademark Office has issued a notice of allowance." (Dkt. No. 83 at 5-6.) However, that is irrelevant here because (1) Plaintiff has not alleged that the Patent Office issued a notice of allowance for the patent application mentioned during the August 2011 meeting,[4] and (2) the notice of allowance did not result in issuance of any of the *Asserted Patents*.

Plaintiff's additional argument that "it may also be reasonably inferred that Comcast knew of Touchstream's patents as they issued" (Dkt. No. 83 at 6) fails because Plaintiff does not allege that Comcast monitored Plaintiff's patent applications or portfolio. Instead, Plaintiff only alleges that *it* notified Comcast of unidentified patents and applications during various meetings between 2011 and 2017. (Dkt. No. 55 ¶ 29.) While Plaintiff alleges that its "pattern and practice was to inform actual or potential business partners of its patents and/or pending patent applications when meeting, and it did so in one or more of these meetings" (*id.*), its specific allegations fail to identify any patent applications mentioned during these meetings that resulted in the grant of the Asserted Patents, or the Asserted Patents themselves.

Accordingly, the Court is persuaded, under these specific facts, that Plaintiff's willful infringement allegations with respect to the '251 patent should be dismissed prior to service of the original complaint to Comcast, and Plaintiff's allegations with respect to the '751 and '934 patents should be dismissed prior to filing of the FAC.

**B. Plaintiff Sufficiently States a Claim for Post-Suit Willful Infringement**

---

[4] Plaintiff argues that "[a]t least eight meetings and communications with Comcast-related individuals occurred after October 10, 2012, when the Patent Office issued a notice of allowance in the application that became the '251 Patent" (Dkt. No. 83 at 6 (citing Dkt. No. 55 ¶¶ 20, 29). However, this argument fails because Plaintiff has not sufficiently pled how Comcast became aware of the patent applications that granted as the Asserted Patents.

While the FAC fails to sufficiently allege pre-suit willful infringement, it does sufficiently allege post-suit willful infringement. As this Court has repeatedly recognized, "allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement." *Argina Tech. Ltd. v. Bayerische Motoren Werke AG*, 2:21-CV-00172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022); *see also NXP USA Inc. v. MediaTek Inc.*, 2:21-CV-00318-JRG, 2022 WL 799071, at *4 (E.D. Tex. Mar. 15, 2022). Here, Plaintiff alleges in the original Complaint that Comcast's "infringement of the '251 patent has been, is, and *continues to be willful*." (2:23-cv-00062-JRG, Dkt. No. 1 ¶ 43 (emphasis added).) Plaintiff further alleges in the FAC that "Comcast's infringement of the ['751 and '934 patents] has been, is, and *continues to be willful*." (Dkt. No. 55 ¶¶ 66, 71 (emphasis added).)[5] Additionally, this Court has routinely rejected Comcast's argument that "[a] plaintiff must allege 'facts raising a plausible inference of the egregious behavior required under *Halo*.'" (Dkt. No. 65 at 9 (quoting *Meetrix IP, LLC v. Cisco Sys., Inc.*, 1-18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018)).) *See Argina*, 2022 WL 610796, at *6 ("a plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage"); *NXP*, 2022 WL 799071, at *4 (same).

Accordingly, Plaintiff sufficiently states a claim for post-suit willful infringement.

---

[5] Comcast further incorrectly argues that the Federal Circuit has held "that post-suit willfulness requires prelitigation conduct." (Dkt. No. 89 at 5 (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017); Dkt. No. 65 at 10-11).) Neither *Mentor Graphics* nor *In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) limit a plaintiff's ability to state a claim for post-suit willfulness based on notice supplied by a complaint, as this Court and others have recognized. *See, e.g.*, *Packet Intelligence LLC v. NetScout Sys., Inc.*, 2:16-CV-00230-JRG, 2019 WL 2375218, at *8 (E.D. Tex. June 5, 2019) ("It is well-settled, *at least in this District*, that post-conduct behavior can establish willful infringement.") *aff'd in relevant part*, 965 F.3d 1299, 1315-16 (Fed. Cir. 2020); *ZitoVault, LLC v. IBM*, 3:16-cv-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) ("The Court can reasonably infer that if Defendants infringe, then they are deliberately continuing to do so despite notice in the Complaint."); *IpVenture Inc. v. Lenovo Grp. Ltd.*, 11–588–RGA, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) ("[T]o the extent Plaintiff has alleged that Dell acted willfully since service of the Complaint, I believe that allegation is plausible.").

## IV.  CONCLUSION

For the reasons noted above, the Motion is **GRANTED** with respect to pre-suit willful infringement, but it is **DENIED** in all other respects. Accordingly, Plaintiff's claims of pre-suit willful infringement against Comcast are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted leave during the ensuing fourteen (14) days from the issuance of this Order to amend its pre-suit willful infringement allegations through the filing of a subsequently amended complaint. Failure to amend within fourteen days, or any period extended by the Court, shall constitute a substantive waiver of such pre-suit willful infringement claims by Plaintiff.

**So ORDERED and SIGNED this 14th day of March, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE