UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TOUCHSTREAM TECHNOLOGIES, INC.,

|  |  |
|---|---|
| Plaintiff, | **MEMORANDUM AND ORDER** |
| -against- | 24-cv-3186 (GRB)(SIL) |

ALTICE       USA,       INC.,       CEQUEL
COMMUNICATIONS, LLC, CSC HOLDINGS,
LLC, and FRIENDSHIP CABLE OF TEXAS,
INC.,

Defendants.
-----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this patent infringement action is Defendant Altice USA Inc.'s ("Altice" or "Defendant") motion to stay this action pending *inter partes* review ("IPR") by the Patent Trial and Appeals Board ("PTAB"). *See* Defendant's Motion to Stay Pending Inter Partes Review ("Defendants' Motion" or "Def. Mot."), Docket Entry ("DE") [190]. Plaintiff Touchstream Technologies, Inc. ("Touchstream" or "Plaintiff") opposes. *See* Response in Opposition to Defendant's Motion ("Opposition" or "Opp."), DE [191]. For the reasons set forth below, Defendant's Motion is granted, and this action is stayed pending the outcome of the IPR proceedings.

## I.    BACKGROUND

Unless otherwise indicated, the following facts are taken from the memoranda of law, declarations and exhibits submitted in connection with Defendant's Motion, and are accepted as true for the purposes of this Memorandum and Order. By way

of Complaint dated February 17, 2023, later modified by an Amended Complaint dated May 12, 2023, in the Eastern District of Texas, Plaintiff asserted claims against Altice, Cequel Communications, Inc., CSC Holdings, Inc., and Friendship Cable of Texas, Inc. (the "Altice Defendants") for infringement of three patents:  U.S. Patent Nos. 8,356,215 (the "'251 patent"), 11,048,751 (the "'751 patent"), and 11,086,934 (the "'934 patent").  *See* Complaint, DE [1]; Amended Complaint, DE [43].  The Altice Defendants moved to transfer the action to the Eastern District of New York on April 17, 2023.  DE [17].  The following day, the litigation was consolidated for pretrial issues with similar lawsuits brought by Touchstream against Comcast Cable Communications, LLC ("Comcast") and Charter Communications, Inc. ("Charter").  DE [19].  In December 2023, Comcast filed six petitions for IPR – two for each of Plaintiff's asserted patents – with PTAB.  Opp., 2.

Touchstream filed a motion for leave to amend its infringement contentions on February 16, 2024.  *See* DE [142].  The parties conducted some venue-related discovery, including two depositions and written and document discovery.  *See* Defendant's Memorandum and of Law in Support of Defendant's Motion ("Defendant's Memorandum" or "Def. Mem."), 2.  The Altice Defendants' motion to transfer this action was granted on March 4, 2024.  *See* DE [148].[1]  On March 14, 2024, via joint stipulation, all case deadlines were stayed pending the transfer,

---

[1] The actions against Comcast and Charter remain in the Eastern District of Texas and are scheduled for trial in October of this year.  *See* Opp., 2.

including the briefing of Plaintiff's motion to leave to amend its infringement contentions, which had not been completed.  DE [157].

The action was transferred to this district and assigned to the Honorable Judges Gary R. Brown and Anne Y. Shields on April 29, 2024.  DE [161].  Following Judge Shields's recusal, the case was reassigned to this Court.  DE [164].  Judge Brown held an introductory conference with the parties on July 16, 2024.  *See* Minute Entry dated July 16, 2024.  On July 18 and 24, 2024, respectively, PTAB instituted IPR proceedings with respect to the '251 and '751 patents.  *See* Def. Mem., 2.  PTAB declined to institute IPR with respect to the '934 patent on July 26, 2024.  *Id.* Touchstream requested director review of the IPR for the '251 patent and rehearing of the IPR for the '751 patent, and as of the date of this Memorandum and Order PTAB has not ruled on either request.  *See* Opp., 2.[2]

On July 31, 2024, the parties conferred regarding Defendant's Motion, which Plaintiff indicated it would oppose.  *See* Def. Mem., 3.  This Court held a scheduling conference on August 6, 2024, during which the Court set a briefing schedule for Defendant's Motion.  *See* DEs. [188] – [189].  The Court also adopted the Altice Defendants' proposed schedule for the remainder of the litigation, including, *inter alia,* a January 7, 2025 deadline to commence claim construction briefing, a tentative February 20, 2025 date for the *Markman* claim construction hearing, and deadlines

---

[2] According to Altice, requests for director review are granted 2.3% percent of the time, and requests for rehearing are granted between ten and eighteen percent of the time.  Defendant's Reply Memorandum in Support of Defendants' Motion ("Def. Reply."), DE [192], 9 (citing James M. Glass et al., *How patent office director review has reshaped the rehearing landscape,* REUTERS, https://www.reuters.com/legal/legalindustry/how-patent-office-director-review-has-reshaped-rehearing-landscape-2024-02-07/.

for the conclusion of fact and expert discovery dependent upon the timing of the *Markman* ruling. *See* DE [189], 6-10. Defendant's Motion was filed on August 13, 2024. *See* Def. Mot. For the reasons set forth below, Defendant's Motion is granted, and this action is stayed pending the outcome of the IPR proceedings.

## II.   LEGAL STANDARD

"[IPR] is an administrative process in which a patent challenger may ask [PTAB] to reconsider the validity of earlier granted patent claims." *Thryv, Inc. v. Click-To-Call Tech., LP,* 590 U.S. 45, 47, 140 S. Ct. 1367, 1370 (2020). This mechanism, "like other post-issuance review proceedings, was designed to give [PTAB] an opportunity to correct its mistakes, to give courts the benefit of the agency's consideration of the effect of prior art on patents being asserted in litigation, and to reduce the burden of litigation on the parties and the courts." *In re Intel Corp.*, No. 2021-168, 2021 WL 4427875, at *2 (Fed. Cir. Sept. 27, 2021). A party may petition PTAB for IPR within one year of being served with a complaint alleging patent infringement. 35 U.S.C. § 315(b). Once IPR is instituted, a final determination must issue within one year, but may be "extended by up to six months for good cause by the Chief Administrative Patent Judge." 37 C.F.R. § 42.100.

"A federal district court has inherent power to stay an action pending *inter partes* review." *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-CV-5539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017). Whether to grant a stay is within the

court's discretion.  *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) (citation omitted).

Courts typically consider three factors in deciding a motion to stay pending review by PTAB:  (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) the status of the case, including whether discovery is complete and a trial date set.  *See, e.g., Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017); *SurfCast,* 2014 WL 6388489, at *1; *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.,* No. 12-CV-1461, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014); *TouchTunes Music Corp. v. Rowe Int'l Corp.,* 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009).  Courts conducting an undue prejudice review consider four sub-factors: (1) the timing of the request for *inter partes* review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties.  *See Metrom Rail, LLC v. Siemens Mobility, Inc.*, No. 23-CV-3057, 2024 WL 323374, at *4 (S.D.N.Y. Jan. 29, 2024) (applying these factors to decide whether to stay a non-patent claim alongside a patent claim pending PTAB's *inter partes* review).  The burden is on the movant to demonstrate that a stay is appropriate.  *Unicorn Glob., Inc. v. DGL Grp., Ltd.*, No. 21-CV-1443-MKB-SJB, 2023 WL 2019092, at *1 (E.D.N.Y. Feb. 15, 2023).

## III.  DISCUSSION

Altice argues that a stay is warranted because:  (1) there is no danger of prejudice to Plaintiff, (2) regardless of the outcome, IPR will simplify the issues, and

(3) this litigation is in the early stages. *See* Def. Mem., 1. Touchstream counters that: (1) Plaintiff will be prejudiced if it is prevented from timely enforcing its patents against Defendant's infringement, (2) the IPR proceedings do not concern all the claims in this action, and (3) significant progress has been made towards resolution since February 2023. *See* Opp., 1. The Court concludes that each of the three relevant factors favors a stay. Accordingly, Defendant's Motion is granted, and this action is stayed pending the outcome of the IPR proceedings.

## A. <u>Prejudice to Plaintiff</u>

With respect to the first factor, there is no evidence that Touchstream will be prejudiced by Altice's requested stay. For one, "[m]ere delay does not establish undue prejudice." *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 DEP, 2014 WL 201965, at \*4 (N.D.N.Y. Jan. 15, 2014) (internal quotation marks omitted); *see SurfCast*, 2014 WL 6388489, at \*3 ("mere delay does not rise to the level of undue prejudice"); *Internet Patents Corp. v. eBags, Inc.*, No. C 12-03385, 2013 WL 4609533, at \*4 (N.D. Cal. Aug. 28, 2013) ("courts have refused to find undue prejudice based solely on delay caused by the reexamination process").

As to the first two subfactors, the IPRs here were filed within the one-year statutory deadline and Defendant indicated its intent to file a motion to stay less than one week after PTAB's decisions to institute proceedings. *See Molo Design, Ltd. v. Chanel, Inc.*, No. 21-CV-01578 (VEC), 2022 WL 2135628, at \*3 (S.D.N.Y. May 2, 2022) (finding a stay was appropriate where IPR was instituted three weeks before the one-year deadline); *Rovi Guides*, 2017 WL 4876305, at \*4 (noting request for stay was

6

"sufficiently prompt" coming just days after institution decision).  With respect to the third subfactor, while Plaintiff is correct in identifying that a final decision by PTAB may be eighteen months away, *see* 37 C.F.R. § 42.100, this delay alone is insufficient to justify a stay.  *See e.g., Nike, Inc. v. Lululemon USA Inc.*, No. 22CV00082RAOTW, 2023 WL 2214884, at *3 (S.D.N.Y. Feb. 24, 2023) (granting stay despite uncertainty as to when IPR proceedings would conclude); *Unicorn Global*, 2023 WL 2019092, at *3 (noting that the fact that IPR process may be "lengthy" is insufficient to constitute prejudice).  The Court agrees that the better course is to allow PTAB to apply its expertise to these proceedings before considerable judicial resources are expended.[3] Regarding the final subfactor, Plaintiff does not contest Defendant's assertion that the parties are not direct competitors.  Given that the parties are not direct competitors, Touchstream, "does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the status quo ante with monetary relief."  *Software Rights Archive LLC v. Facebook, Inc.*, No. C-12-3970, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013).

In short, each of the four subfactors supports the imposition of a stay.  Nor does Plaintiff point to any other source of prejudice or tactical advantage – apart from delay.  *See Unicorn Global*, 2023 WL 2019092, at *3 (granting stay where non-moving party failed to point to any evidence of concrete financial harm such as sales data).

---

[3] Plaintiff also argues that the conclusion of the IPR proceedings will be further delayed given Touchstream's requests for rehearing and director review, thus increasing the potential for prejudice. *See* Opp., 10.  Given that any such delay is of Plaintiff's own making, the Court declines to conclude Touchstream will be prejudiced as a result.

Accordingly, the Court concludes that Touchstream will not be subject to undue prejudice in the event of a stay.

## B. <u>Simplification of Issues</u>

Further, the issues in this litigation will be simplified by PTAB's decision. Plaintiff argues that because IPR was not instituted as to all patents at issue and the scope of the issues PTAB will consider differs from those in this action – an assertion Altice contests – a stay is not appropriate. *See* Opp., 4-6. One purpose of IPR proceedings, however, "is to eliminate trial of an issue (when a claim is canceled) or to facilitate trial by providing the district court with the expert view of [PTAB] (when a claim survives the reexamination proceeding)." *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587-DMR, 2013 WL 66672451, at *5 (N.D. Cal. Dec. 18, 2023) (internal quotation marks and alterations omitted). "Even if the IPR proceeding does not result in any cancelled or modified claims, this court will receive the benefit of [PTAB's] expertise and guidance on these claims." *Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014). As a result, courts in this Circuit have concluded that this factor favors a stay even where, as here, the IPR proceedings will not "resolve all of the asserted patents or claims in a case." *Kannuu Pty Ltd. v. Samsung Elecs. Co.*, No. 19 CIV. 4297 (ER), 2021 WL 195163, at *8 (S.D.N.Y. Jan. 19, 2021), *aff'd*, 15 F.4th 1101 (Fed. Cir. 2021) (collecting cases).[4]

---

[4] Plaintiff argues that in order to justify a stay, the movant "must show that the PTAB is likely to invalidate *every* asserted claim." Opp., 4 (quoting *Sonrai Memory Ltd. v. LG Elecs. Inc.,* No 6:21-cv-00168-ADA, 2022 WL 2307475, at *4 (W.D. Tex. June 27, 2022) (emphasis in original). As noted herein, however, courts in this Circuit have rejected this requirement and granted stays where fewer

Moreover, the Court will benefit from PTAB's expert guidance concerning the technology at issue.  In addition, the IPR proceedings – regardless of their outcome – are likely to "garner additional prosecution history that may be relevant to claim construction." *Nike*, 2023 WL 2214884, at *1.  This factor therefore weighs in favor of a stay.

### C. <u>Stage of the Litigation</u>

Lastly, the current stage of this litigation favors a stay.  The earlier the stage of proceedings, the greater the reason to grant a stay." *SurfCast*, , 2014 WL 6388489, at *2.  While the range of what qualifies as an early stage may vary, "there is a general consensus that where the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order, and discovery is well underway, this second factor counsels against granting a stay." *Rovi Guides,* 2017 WL 4876305, at *3 (internal quotation marks and alterations omitted).  By contrast, "courts in this Circuit have concluded that a suit is at an early enough stage to favor a stay where there has been limited to no discovery, and neither a claim construction hearing nor a trial has been scheduled." *Kannuu,* 2021 WL 195163, at *10 (internal quotation marks omitted).  "Granting such a stay early in a case can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims."

---

than all of the asserted patents are subject to IPR proceedings.  *See e.g., Kannuu,* 2021 WL 195163, at *8 (stay granted where two of five patents were under review); *Rovi Guides,* 2017 WL 4876305, at *3 (stayed granted where four out of five patents were reviewed).  The Court declines to depart from this precedent and determines that PTAB's decision will simplify the issues in this litigation.

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014) (internal quotation marks omitted).

Here, while some discovery has been conducted, it largely took place prior to the transfer and in the context of the Altice Defendants' motion to change venue. The operative scheduling order was entered less than one month prior to the filing of Defendant's Motion. *See* DE [188]. Pursuant to that schedule, claim construction briefing is not set to begin until January 2025 and the *Markman* hearing is tentatively scheduled for February 2025. DE [189]. The remainder of the case deadlines – including the completion of fact and expert discovery and the submission of dispositive motions and pretrial filings – are all dependent upon the timing of the Court's decision on claim construction. *See id.* Accordingly, this litigation is still in the early stages, and this factor warrants a stay.

## IV.    CONCLUSION

Given that each of the three relevant factors favors a stay, Defendant's Motion is granted, and this action is stayed pending the outcome of the IPR proceedings. The parties shall file a status report no more than 30 days from the issuance of PTAB's final decisions.

**SO ORDERED**

Dated:      Central Islip, New York
               September 18, 2024

                           /s/ Steven I. Locke
                           STEVEN I. LOCKE
                           United States Magistrate Judge