**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

TOUCHSTREAM TECHNOLOGIES, INC.,

    *Plaintiff,*

  v.

ALTICE USA, INC., et al.,

    *Defendants.*

Case No. 2:24-cv-03186-GRB-SIL

**JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION TO SEAL
<u>JOINT LETTER  REGARDING MOTION TO STRIKE</u>**

## PRELIMINARY STATEMENT

Pursuant to Rule 1.D. of Judge Locke's Individual Motion Practices, the parties respectfully submit this memorandum of law in support of its motion to e-file under seal the parties' Joint Letter regarding the status of Altice's Motion to Strike.

The parties have redacted selected portions of these materials because they contain sensitive confidential information of Altice, which are non-public technical information and source code materials. Thus, compelling reasons exist to grant the request to seal.

Touchstream conferred with counsel for Altice and confirmed that Altice contends this information is confidential and Touchstream does not object to its filing under seal. This motion to seal is joint.

## LEGAL STANDARD

Rule 1.D. of Judge Locke's Individual Motion Practices mandate that "[d]ocuments may not be filed under seal without prior permission of the Court." This is consistent with the principle that sealing decisions fall within a court's discretionary decision-making. *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) ("When reviewing a district court's order to seal … we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal … for abuse of discretion." (internal quotations omitted)). To determine if sealing is appropriate, a court must assess the "weight to be given to the presumption of [public] access" to the document, while "balanc[ing] competing considerations," such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). To overcome that presumption, the "party opposing disclosure [] must make a particular and specific demonstration of facts showing that disclosure would result in an injury sufficiently serious to warrant protection." *Coventry Cap. US LLC*, 2017 WL 5125544, at *3

(S.D.N.Y. Nov. 2, 2017) (quotation omitted). That said, courts have consistently sealed documents where, as here, the proposed redactions are narrowly tailored, limited in scope, and justified to protect confidential and propriety business information. *See, e.g., Lugosch*, 435 F.3d at 120; *see also Northwell Health, Inc. v. Blue Cross*, 2024 WL 3823201, at *12 (E.D.N.Y. Aug. 13, 2024).

## ARGUMENT

Prior to this case's transfer, the transferor court entered a Protective Order setting out that "certain information that is or will be encompassed by discovery demands by the Parties involve[d] the production or disclosure of trade secrets, confidential business information, or other proprietary information." Dkt.77. Among other things, the Protective Order contemplated that the parties may designate materials produced in the course of discovery as 'CONFIDENTIAL,' … RESTRICTED – ATTORNEYS' EYES ONLY,' or 'RESTRICTED CONFIDENTIAL SOURCE CODE'" with corresponding procedures to protect that material. *Id.* The materials at issue in this motion were produced under the protections of this order and correspondingly affixed with the marking RESTRICTED – ATTORNEYS' EYES ONLY.

Courts routinely seal these kinds of material, recognizing that public disclosure of confidential business information and proprietary information is competitively disadvantageous. *See, e.g., Northwell Health, Inc.*, 2024 WL 3823201, at *12. For the Court's convenience, and to satisfy Touchstream's burden to state with particularity the basis for sealing, below are the "compelling reasons" to seal the documents described herein:

| Document to be Sealed | Portion(s) to be Sealed | Designation | Basis for Sealing |
|---|---|---|---|
| Joint Letter | Redactions identified in letter | Contains Confidential Source Code Information | Redactions to the identified letter are justified because they describe the confidential technical operations of Altice's networks and software, and further contain Altice's source code materials. The redactions are tailored |

2

| | | | |
|---|---|---|---|
| | | | to protect only the necessary confidential information and preserve as much information for the public as practical. |
| Exhibit A | Complete exhibit | Contains confidential technical information | Sealing the identified exhibit is justified because it describes the confidential technical operations of Altice's networks and software, and no narrowed portion of the exhibit contains public information. |
| Exhibit B | Complete exhibit | Contains confidential source code. | Sealing the identified exhibit is justified because it is Altice's source code, and no narrowed portion of the exhibit contains public information. |
| Exhibit C | Complete exhibit | Contains confidential source code and technical information. | Sealing the identified exhibit is justified because it includes Altice's source code and describes the confidential technical operations of Altice's networks and software, and no narrowed portion of the exhibit contains public information. |
| Exhibit E | Complete exhibit | Contains confidential source code and technical information. | Sealing the identified exhibit is justified because it includes Altice's source code and describes the confidential technical operations of Altice's networks and software, and no narrowed portion of the exhibit contains public information. |
| Exhibit F | Complete exhibit | Contains confidential source code and technical information. | Sealing the identified exhibit is justified because it includes Altice's source code and describes the confidential technical operations of Altice's networks and software, and no narrowed portion of the exhibit contains public information. |
| Exhibit G | Complete exhibit | Contains confidential technical information | Sealing the identified exhibit is justified because it describes the confidential technical operations of Altice's networks and software, and no narrowed portion of the exhibit contains public information. |

3

Good cause exists to seal these materials because, as described above, these materials comprise confidential business information of Altice, which would suffer irreparable harm should it be disclosed. The redactions to the letter are tailored to preserve as much as possible the public's ability to review the operative narrative of the letter and maintain access to judicial records, and thus there are no narrower alternative means for protecting this information.

## **CONCLUSION**

The parties respectfully request the Court enter an order permitting them to filed sealed and redacted versions of the Joint Letter.

Respectfully submitted,


/s/ *Philip A. Eckert*
Ryan D. Dykal (*pro hac vice*)
Jordan T. Bergsten (*pro hac vice*)
Mark Schafer (*pro hac vice*)
Philip A. Eckert (*pro hac vice*)
Anita Liu (*pro hac vice*)

**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, Dc, DC 20005
(t) 202-274-1109
rdykal@bsfllp.com
jbergsten@bsfllp.com
mschafer@bsflp.com
peckert@bsfllp.com
aliu@bsfllp.com


Sabina Mariella (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, Floor 20
New York, NY 10001
smariella@bsfllp.com


/s/ *Krishnan Padmanabhan*
Krishnan Padmanabhan
Devin Garrity
Christopher Gresalfi
Daniel Marzagalli
**FENWICK & WEST LLP**
902 Broadway
New York, NY 10010
Tel: (212) 921-2001
kpadmanabhan@fenwick.com
dgarrity@fenwick.com
cgresalfi@fenwick.com
dmarzagalli@fenwick.com

Scott M. Border (*pro hac vice*)

5

**FENWICK & WEST LLP**
1155 F St NW, 12th Floor
Washington, DC 20004
Telephone: (202) 970-3000
sborder@fenwick.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of this document are being served to all counsel of record on May 21, 2026.

/s/ *Philip A. Eckert*
Philip A. Eckert