UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Touchstream Technologies, Inc.,

                              Plaintiff,

              v.

Altice USA, Inc., et al.

                              Defendants.
-------------------------------------------------------x

**FILED**
**CLERK**
5/28/2026 5:28 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
Civil Action No.
24-3186 (GRB)

**GARY R. BROWN, United States District Judge:**

Rule 1 of the Federal Rules of Civil Procedure commands that those Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding "secure the just, speedy and inexpensive determination of every action and proceeding."  This is a fundamental principle, and its location as the very first rule is not coincidental.  In amending that rule nearly a half-century after its enactment, the Advisory Committee noted:

> The purpose of this revision, adding the words "and administered" to the second sentence, is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay.  As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned.

Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.

It is difficult to imagine an area in which Rule 1's dictates are more crucial than patent litigation—an area renowned for complexity and mind-numbing costs.  *See Federal Trade Commission v. Actavis, Inc.*, 570 U.S. 136, 153 (2013) (noting that patent

litigation can prove "time consuming, complex, and expensive."). Thus, the Court and counsel arguably face a heightened obligation uphold these principles.

Unfortunately, review of one motion before the Court—a delayed, misfiled, hyper-technical and largely meritless motion for judgment on the pleadings—and concomitant review of the record led the Court to question whether counsel is committed to obtaining a "speedy and inexpensive" determination of the issues. As a result, the Court hereby resolves the motion and imposes an expedited schedule for disposition of this case.

Notably, plaintiff Touchstream Technologies, Inc. ("plaintiff") initially commenced this patent infringement action, which one judge described as "a dispute between New York businesses," in the Eastern District of Texas. Docket Entry ("DE") 148 at 23. It languished there for more than a year, with the parties docketing over 100 filings and engaging in "extensive venue discovery." DE 148 at 2. Ultimately, in a 26-page opinion, the judge in that district transferred the case to this district pursuant to 28 U.S.C. § 1404. *Id.*[1] Having opted not to reach the issue of improper venue, the EDTX judge found that plaintiff's choice of forum was "entitled less deference" because it "sue[d] in a venue that is not its home forum." *Id.* at 19.

---

[1]    In opposing transfer to this district, "Touchstream point[ed] to time-to-trial statistics, pointing out that the average time to trial in EDNY more than triples that of [EDTX]." DE 148 at 24. Judge Gilstrap found that there was a "great disparity in average time-to-trial between EDTX and EDNY." *Id.* at 24-25. Apparently, plaintiff neglected to raise with Judge Gilstrap the fact that EDTX's average time to disposition of civil matters (9 mos.) was more than 50% higher than this district's (5.9 mos.). *See* DE 120-35. Given the high percentage of cases that resolve through settlement or other non-trial avenues, these figures seem more pertinent.

Thus, due to plaintiff's "inconvenient" and potentially improper choice of venue, the parties and the court system expended a substantial amount of time and resources simply to get this case to the starting line in this district where—by all rights—it should have been filed in the first instance. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258 (2017). Unchastened, however, plaintiff's counsel endeavors to leverage its dubious choice of forum, contending that had the instant motion been filed there, instead of before this Court, the motion "would have failed." DE 238 at 17.

Once the case was transferred to this district, the Court entered an Order to Show Cause concerning whether this case should be properly assigned to the Brooklyn or Long Island courthouse under this district's division of business rule. *See* Order to Show Cause dated May 2, 2024. Counsel disagreed, with plaintiff's counsel indicating that it was "not aware of any basis to remain in the Central Islip Division," DE 166, while counsel for defendants put forth a spirited response demonstrating that the events underlying the action occurred in Nassau County. DE 169. Review of the extensive record developed in Texas before this case was transferred here suggests that the response by plaintiff's counsel can only be regarded as less than forthcoming. That the parties contested this issue suggests that counsel did not confer in a manner that would be expected under professional norms.

*The First 12(c) Motions Before the Undersigned*

In June 2024, counsel for defendants filed, consistent with this Court's individual motion practices, a pre-motion letter seeking leave to file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on the issue of

patentability, and plaintiff filed a response.  DE 179, 180.  The Court held a lengthy conference and oral argument with the parties on July 16, 2024.  DE 185.  At the conference, the undersigned worked with counsel to try to resolve the proposed motion without the need for additional submissions or further delay and committed to resolve the matter quickly.  *Id.*  Consistent with that commitment, the Court issued a written order one day later, finding that patent eligibility issues should be resolved at summary judgment and referring the matter to Magistrate Judge Locke to supervise discovery.  Electronic Order dated July 17, 2024.  The parties were also invited to submit a letter seeking a Markman hearing.  *Id.*

*The Instant Motion*

Presently before the Court—nearly two years later[2]--is a successive, partially dispositive motion for judgment on the pleadings that was filed in October 2025.  Defendants made this dispositive motion returnable before Magistrate Judge Locke, in contravention of (among other things) this Court's individual rules.  *See* Individual Practice Rule II(f)(2).  That tactic had the practical effect of working an end-run around this Court's pre-motion conference procedure—a procedure which efficiently resolved the first Rule 12(c) motion without the need for formal briefing (saving the parties and

---

[2]    Part of the delay is attributable a period in which the case was stayed pending Patent Trial and Appeals Board ("PTAB") review.  DE 194.  Yet the Court notes that in opposing such a stay, plaintiff argued that the PTAB review would constitute a waste of time which, in retrospect, may well have been the case.  DE 191.  Indeed, review of the parties' report of the PTAB proceedings suggests that this review related to patent eligibility, which was already subject to this Court's June 20, 2024 ruling. *See* DE 194.

the Court time and resources).  Surely, counsel cannot plead ignorance of this Court's

requisites, having invoked this very procedure in this case.  *See* DE 179, 180.  Such

failure, standing alone, could justify denial without prejudice of the Rule 12(c) motion.

However, to avoid further delay and still more repetitive filings in this case, the

Court has considered the substance of the motion, which is easily dispatched.  In their

motion, defendants seek a Rule 12(c) dismissal of plaintiff's pre- and post-suit

willfulness claims—after the parties have conducted some discovery on the issue of

willfulness—arguing that the allegations fail to set forth a plausible claim.  In support of

these claims, plaintiff alleges that defendant Altice engaged in months of discussions

with plaintiff to explore a partnership involving plaintiff's technology.  During those

discussions, plaintiff demonstrated its technology, advised Altice that it had a patent

pending and provided an application number that ripened into one of the patents-in-

suit.  Plaintiff publicly announced the award of the patent.  As a result, plaintiff alleges

that Altice knew, or should have known, about the patent before launching its allegedly

infringing product.  DE 43 ¶¶23-28.

Altice argues that these allegations fail to support plaintiff's claim for pre-suit

willfulness, principally arguing that:

> Nowhere in the Amended Compliant does Plaintiff allege which patent
> application number was disclosed to Altice, who from Touchstream
> disclosed the patent application number, or to whom at Altice the patent
> number was disclosed.

DE 225-1 at 7-8.  That argument seems to suggest that willfulness needs to be pleaded

with particularity.  *See, e.g., In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir.

2011) ("Rule 9(b) requires a plaintiff to plead in detail the specific who, what, when, where, and how.").

In support of this assertion, defendants present a memorandum of law that is woefully bereft of binding or apposite precedent. Principally, it relies on the Federal Circuit's *post-trial* decision in *State Industries, Inc. v. A.O. Smith Corp.*, which determined that trial evidence showing only that the defendant was aware of a "patent position" notice advising "patent applied for" was insufficient to sustain a claim for pre-suit willfulness. 751 F.2d 1226, 1234 (Fed. Cir. 1985) (noting that the defendant "was aware only of that notice, not of any patent application."). Thus, the case is factually distinguishable, as defendants had notice of a patent application. More importantly, however, one cannot reasonably extrapolate pleading rules from the review of trial evidence offered in *State Industries*. And the Federal Rules of Civil Procedure provide the answer: rather than the particularity standard urged by defendant, Rule 9(b) expressly states that "knowledge, and other conditions of a person's mind may be alleged generally."

Indeed, unlike defendants' inapposite reliance on *State Industries*, the Federal Circuit has instructed that "[w]illfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003). There, the Federal Circuit ruled that it was error to dismiss claims where "Ferguson averred that Mega's infringement of the Ferguson patents-in-suit was willful." *Id.* at 1342. Moreover, the Federal Circuit

has expressly clarified that, notwithstanding the holding in *State Industries*, willfulness is to be determined from the totality of the circumstances. *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018); *Shiley, Inc. v. Bentley Lab'ys, Inc.,* 794 F.2d 1561, 1568 (Fed. Cir. 1986). The only relevant takeaway from *State Industries* is that a finding of willfulness requires "knowledge" of the patent, while other cases have explained that plaintiff must show that a defendant "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

In this case, plaintiff provides ample allegations giving rise to an inference that Altice knew, or should have known, about one or more of the patents in question, and thus plausibly alleges pre-suit willfulness.[3] And these allegations further buttress a finding that post-filing willfulness is similarly sufficiently alleged.

Lastly, defendants further move for judgment on the pleadings as to the willfulness claims as to codefendants Cequel Communications LLC, CSC Holdings LLC and Friendship Cable of Texas, Inc. As plaintiff has failed to allege that these entities had knowledge of the patents, the willfulness claims must be dismissed.

---

[3] In an earlier decision on a motion by former defendant Comcast, Judge Gilstrap ruled that plaintiff failed to adequately allege pre-suit willfulness but successfully pleaded post-suit willfulness. *Touchstream Techs., Inc. v. Altice USA, Inc.,* No. 2:23-CV-00059 (JRG), 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024). Careful review of that opinion reveals that it relied on no binding precedent, and the Court finds the decision unpersuasive.

Therefore, defendants' motion for judgment on the pleadings is granted as to those three codefendants but is otherwise denied.

*The Path Forward*

Notwithstanding the fragment of this improperly filed motion that proved meritorious, the motion was largely baseless and inconsistent with the spirit of this Court's prior rulings and the dictates of Rule 1.  As noted above, however, plaintiff is also responsible for tactical decisions which led to significant delays in this matter.

That all ends now.

It is hereby directed that counsel will complete discovery forthwith, such that any dispositive motions for summary judgement shall be filed — fully briefed — on or before October 15, 2026.  The Court will resolve any such motions promptly, and to the extent matters remain to be tried, such trial will be scheduled shortly after the Court's ruling on summary judgment.

Counsel is cautioned that further gamesmanship in this matter will be met with significant consequences.  *See, e.g., Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) ("as a general matter, many forms of misconduct can support a district court's exceptional case finding, including [ ] litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation.").

Dated: May 28, 2026
Central Islip, New York

SO ORDERED.

 */s/ Gary R. Brown*
GARY R. BROWN
United States District Judge